## HOLLIS v. BECKWITH et al.
### Civ. 1512.

United States District Court
M. D. Tennessee, Nashville Division.
Jan. 14, 1952.

———◆———

Claude Callicott, Nashville, Tenn., for plaintiff.

R. T. Cochran, Nashville, Tenn., for defendant.

WILKIN, District Judge (By designation).

The evidence in this case fails to sustain the burden of proof resting upon the plaintiff to show that the amount paid to him for his services was less than 75¢ per hour. The plaintiff relied mainly upon the "log books" to support his claim. The log records were not complete for the term of his employment, which was from July 16, 1951 to April 21, 1953. Counsel for plaintiff admitted that the "log books" for the first two or three months of employment were unreliable because they were made up from memory, long after the time of service. The testimony of the plaintiff himself and the testimony of other witnesses discredited the records submitted.

The purpose of the records was to comply with the requirements of the Interstate Commerce Commission. That Commission prescribes Form BMC 59 * * * and the law imposes upon truck drivers, as well as employers, the obligation of filing such form in order that the examiners of the Commission may determine whether truck drivers have been operating more than ten hours continuously without eight hours of rest.

The testimony was clear that the plaintiff was not diligent or regular in making out such reports. The testimony also showed that such reports as were made out were inaccurate.

Neither the plaintiff nor the defendant complied with the law regarding the keeping of records. The attitude of both regarding the required records is reprehensible. The records which the law requires should be kept regularly and accurately.

Since there are no reliable records, the court was constrained to determine the issue in this case by the oral testimony of the witness. The prevailing testimony shows that the plaintiff went to work about seven o'clock and that he left his employer's place of business in the evening about five-thirty; thereafter he was required to drive to Woodbury, which according to the plaintiff's own testimony, required about two hours time. He testified that he frequently had stops for deliveries along the way, which increased the time of his service from thirty minutes to an hour. The plaintiff claimed that he worked usually on Saturday morning, the defendant denied that the plaintiff worked on Saturday, saying that there was no occasion for his working on Saturday. The testimony as a whole showed that the plaintiff's daily service was terminated about eight-thirty in ordinary circumstances. If the plaintiff were allowed three and one-half hours for extra time in the evenings or on Saturday, the result would be that he worked about sixty-six hours a week (which would include the time he spent in obtaining his lunch and dinner). His wage was $50 a week. The amount which it is conceded he was paid is more than the sum to which he would be entitled if paid at the rate of 75¢ an hour.

The testimony of the plaintiff's wife and son was that the plaintiff came home between eight and ten o'clock at night. The

 

plaintiff lived eight miles from Woodbury. The testimony failed to show that there was any business of the employer which required service as late as nine or ten o'clock.

The defendant testified that he had paid for the plaintiff, in addition to the $50 a week, $9.75 as social security tax and $48.10 as withholding tax.

When all the testimony is considered and the varying hours are averaged and the result harmonized with the undisputed facts and circumstances, the court is constrained to the conclusion that what the plaintiff received was not less than 75¢ an hour.

The court therefore finds that the evidence fails to sustain the plaintiff's complaint, the case will, therefore, be dismissed at the plaintiff's cost.

In passing, the court notes that it was conceded at the trial that the plaintiff had not been paid for his last day's work. The defendant's reason for withholding such payment was not sufficient in law. The plaintiff should be paid for the last day he worked, but judgment for such amount is not warranted by the pleadings in this case.

In passing, the court also notes that this case illustrates why the dockets of Federal Courts are congested and there are so many requests for more judges.

The extension of federal jurisdiction to such cases as this, increases greatly the case load and the volume of work of District Courts.

Furthermore, the practice and policy of entrusting law enforcement to private parties by offering punitive damages and attorney fees increases litigation. It has been considered within legislative power to stimulate prosecutions by offering rewards to those who initiate and carry on such prosecutions, but such a policy tends not only to increase litigation but to commercialize the practice of law and degrade legal administration.

If public welfare requires a law, sound public policy requires its enforcement by disinterested authority. Sound administration requires that no motive of personal gain should taint the purpose of any prosecution.